**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Sean T. O'Grady, M.D., <br><br> Plaintiff, <br><br> v. <br><br> Veterans Administration, Kent Crossley, M.D., Peter Duane, M.D., Mark Rosenberg, M.D., Steven Kleinglass, M.D., Lori Baier, RN-CNP, Donald Wodeck, Esq., Marci Mylan, M.D., <br><br> Defendants. | Civil No. 11-3145 (PJS/AJB) <br><br><br> **ORDER AND** <br> **REPORT AND RECOMMENDATION** |

---

This matter is before the Court, United States Chief Magistrate Judge Arthur J. Boylan, on Plaintiff's Motion for Injunctive Relief [Docket No. 6] and Plaintiff's Motion to Accept First Amended Complaint [Docket No. 8]. The Motion for Injunctive Relief [Docket No. 6] has been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.2(b). A hearing was held on the motion on December 21, 2011 at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. Dr. Sean T. O'Grady appeared *pro se*. Gregory G. Brooker appeared on behalf of Defendants.

Based upon the record, memoranda, and oral arguments,

1. **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Injunctive Relief [Docket No. 6] be **DENIED.**

2. **IT IS HEREBY ORDERED** that Plaintiff's Motion to Accept First Amended Complaint [Docket No. 8] is **GRANTED.**

    a. Under Fed. R. Civ. P. 15(a)(1), Plaintiff was permitted to amend his complaint once as a matter of course within 21 days after serving it.

    b. Plaintiff's motion to amend was filed ten days after he filed his original complaint, before he had served the complaint. (Docket No. 8.)

    c. Pursuant to Fed. R. Civ. P. 15(a)(1), Plaintiff therefore did not need to seek permission from the Court to file his first amended complaint.

    d. Plaintiff served the amended complaint on the United States Attorney on November 22, 2011.

    e. Plaintiff is directed to file and serve on all defendants the Proposed Amended Complaint attached to his Motion to Accept First Amended Complaint on or before January 27, 2012.

## BACKGROUND

Plaintiff Sean T. O'Grady is an employee of Defendant the U.S. Department of Veterans Affairs ("VA"). (*See* Docket No. 1, Complaint at 6.) He filed suit against the VA and several individual doctors and employees of the VA Medical Center on October 25, 2011. (Docket No. 1.) Although Dr. O'Grady had not served any of the defendants, he filed a motion for injunctive relief on November 4, 2011. (Docket No. 6.) Dr. O'Grady also filed a Motion to Accept First Amended Complaint on November 4, 2011. (Docket No. 8.) Dr. O'Grady served the amended complaint on the United States Attorney on November 22, 2011, but still has not served any of the individual defendants. (Def. Mem. 2.)

Dr. O'Grady's amended complaint asserts that his supervising physician assaulted him at work and that such action "violated O'Grady's civil rights." (Docket No. 8-2 at 6.) His amended complaint further alleges that he took time off for depression and that he was placed on administrative leave and required to undergo a physician examination, which Dr. O'Grady asserts was a "violation of Section 11 OSHA 29 U.S.C. § 660." (*Id.* at 6-7.) He alleges that he

was admonished for reporting "a physician assistant for not following the standard of medical care" in violation of the OSHA whistleblowing statute. (*Id.* at 6.)  The amended complaint also alleges that Dr. O'Grady suffered "a hostile and intolerant working condition in violation of law." (*Id.*)  Dr. O'Grady asserts that certain alleged actions relating to the filing of a police report were an "obstruction of justice: 42 U.S.C. [§] 1985." (*Id.* at 7.)  He also alleges that his supervising physician complained about the inconvenience of Dr. O'Grady taking FMLA leave for the birth of his child. (*Id.* at 8.)

Dr. O'Grady's motion for injunctive relief requests that the Court "[e]njoin VA from taking any action against [his] employment and maintain current salary." (*Id.*)  Dr. O'Grady's motion sets forth the grounds for injunctive relief as follows: "1.  VA has acted illegally against O'Grady who reported assault from supervising physician at work August 12, 2011.  2.  Whistleblowing statute applies; Office of Special Counsel to assign attorney to O'Grady within 60 days." (*Id.*)  In an accompanying exhibit, Dr. O'Grady states that he is concerned that the VA will terminate his employment before he obtains a lawyer to take on his case and that he believes the VA may take action against his employment because he requested FMLA leave for the birth of this child. (Docket No. 7.)

## DISCUSSION

A preliminary injunction is an extraordinary remedy and the moving party has the burden of showing its necessity.  *In re Travel Agency Comm'n Antitrust Litig.*, 898 F. Supp. 685, 689 (D. Minn. 1995).  The Court must consider four factors in determining whether preliminary injunctive relief is warranted:  "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public

3

interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).  No single factor is determinative.  *Id.*  The movant bears the burden of establishing each factor.  *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

**A.    Irreparable Harm**

Dr. O'Grady is unable to establish that he will suffer irreparable harm absent injunctive relief.  In *Sampson v. Murray*, 415 U.S. 61 (1974), the Supreme Court found that the humiliation, damage to reputation, and loss of income the plaintiff alleged resulted from termination of employment was insufficient to establish irreparable harm.  *Sampson*, 415 U.S. at 92.  The Court noted that 'mere injuries, however substantial, in terms of money, time and energy" are not enough.  *Id.* at 90.  The Court did not foreclose the possibility of relief in all employment cases, but found that such relief must be reserved for "the genuinely extraordinary situation."  *Id.* at 92, n. 68.  Dr. O'Grady asserted at the hearing that he would be harmed by a loss of salary if the VA terminates his employment.  This is the type of harm that *Sampson* held was insufficient to establish irreparable harm.  *Id.* at 92; *see also Bedrossian v. Northwestern Mem'l Hosp.*, 409 F.3d 840, 845-46 (7th Cir. 2005).  The monetary harm that Dr. O'Grady alleges should his employment be terminated may adequately be remedied at law by monetary damages.  *See Bedrossian*, 409 F.3d at 845-46.

Further, there is no proof in the record that Dr. O'Grady's discharge is imminent, or even contemplated, by the VA.  "An injunction cannot issue based on imagined consequences of an alleged wrong.  Instead there must be a showing of imminent irreparable injury."  *In re Travel Agency Comm'n Antitrust Litig.*, 898 F. Supp. at 689.  Here, Dr. O'Grady has not shown any imminent irreparable injury that would warrant the exercise of injunctive relief.

**B.    Balance of Harms**

The state of the balance between Dr. O'Grady's harm and the injury that granting the injunction will inflict on other parties also does not support injunctive relief. Dr. O'Grady asserted only monetary damage if he is not granted injunctive relief. The VA asserts that it would be harmed by an injunction because an injunction would disrupt the normal federal employer–employee relationship and the rules that govern it. If an injunction were to issue prohibiting the VA from taking any adverse employment action against Dr. O'Grady, the VA likely would suffer disruption of its ordinary practices and procedures. Such injunctive relief would effectively tie the hands of the VA with respect to Dr. O'Grady, regardless of any conduct by Dr. O'Grady that the VA may deem warrants disciplinary action. The Court cannot conclude that the balance of harms weighs in favor of the issuance of an injunction.

**C.    Probability of Success**

In addition, the factor of probability of success on the merits weighs against granting Dr. O'Grady injunctive relief. As discussed above, Dr. O'Grady bears the burden of proof on establishing each of the *Dataphase* factors, including likelihood of success. Dr. O'Grady calls himself a "whistleblower" and alleges that the VA violated Section 11 of OSHA, 29 U.S.C. § 660. But 29 U.S.C. § 660(c) requires that an individual file a complaint of retaliation with the Secretary of Labor for violations of the statute and does not provide a private cause of action. *See, e.g.*, *Fletcher v. United Parcel Service*, 155 F. Supp. 2d 954, 956-57 (N.D. Ill. 2001). Dr. O'Grady therefore has not shown a likelihood of success on a claim under 29 U.S.C. § 660.

Dr. O'Grady's amended complaint also asserts an "obstruction of justice" under 42 U.S.C. § 1985. If Dr. O'Grady intends to assert a claim under § 1985(2) ("Obstructing justice; intimidating party, witness, or juror"), a claimant under that section must show that two or more

defendants conspired together to injure him for participating in a federal law suit. *See Gometz v. Culwell*, 850 F.2d 461, 464 (8th Cir. 1988); *Carhart v. Smith*, 178 F. Supp. 2d 1048, 1064-65 (D. Neb. 2001). Dr. O'Grady alleges no facts to support such a claim. If Dr. O'Grady intends to assert a claim under § 1985(3) ("Depriving persons of rights or privileges"), the Court notes that § 1985 was intended to protect persons against the deprivation of rights based upon his or her race. *See, e.g.*, *Fletcher*, 155 F. Supp. 2d at 958. Dr. O'Grady has alleged no facts in support of such a theory. On the facts alleged, Dr. O'Grady therefore has not shown a likelihood of success on a claim under 42 U.S.C. § 1985.

To the extent Dr. O'Grady's amended complaint references his FMLA rights, it appears from the facts alleged that Dr. O'Grady was permitted to take FMLA leave for the birth of his child. The Court cannot conclude from the minimal facts alleged at this time that Dr. O'Grady has a likelihood of success on a claim relating to his FMLA rights.

Further, although it is not clear from Dr. O'Grady's complaint what causes of action he asserts against the defendants, to the extent Dr. O'Grady intends to assert employment discrimination or federal tort claims, the VA has put forth evidence that Dr. O'Grady has not exhausted administrative remedies with respect to his claims. *See* Affidavit of Petra Hartness; Affidavit of Lisa Hosman-Davis. He therefore likely is precluded from invoking the jurisdiction of this Court at this time with respect to such claims. *See* 29 C.F.R. 1614.105(a); *McAdams v. Reno*, 64 F.3d 1137, 1141 (8th Cir. 1995) (exhaustion for Title VII claims); *Doe v. Garrett*, 903 F.2d 1455, 1461 (11th Cir. 1990) (exhaustion for Rehabilitation Act claims); 28 U.S.C. §§ 1346, 2671-80 (exhaustion for federal tort claims). As such, the likelihood of success on the merits weighs against granting Dr. O'Grady injunctive relief.

At the hearing, Dr. O'Grady cited *Tuli v. Brigham & Women's Hospital, Inc.*, 566 F. Supp. 2d 32 (D. Ma. 2008) in support of his request for injunctive relief. In *Tuli*, the district court granted the plaintiff physician limited injunctive relief preventing the defendant hospital from conditioning the plaintiff's credentialing on visiting a physicians' health service. *Tuli*, 566 F. Supp. 2d at 59. *Tuli* is not controlling and, in any event, is distinguishable from the instant case. The plaintiff in *Tuli* had not requested that the court issue an injunction prohibiting her from being discharged, as Dr. O'Grady has done here. In addition, the court in *Tuli* was presented with a substantial record of the plaintiff's evidence in support of her discrimination claims, which demonstrated the plaintiff's likelihood of success on the merits. *Id.* at 35-47. Here, no such evidence showing a likelihood of success has been presented.

**D.     Public Interest**

Finally, the public interest does not support the request for injunctive relief. Dr. O'Grady asserted at the hearing that the public interest supports injunctive relief because he needs to treat his patients. He also asserted that the public interest should favor whistleblower protection. The VA responds that an injunction would not serve the public interest because it would violate the statutory scheme Congress promulgated for the consideration of employment disputes between federal employees and their agency employers. Although there may be a public interest in maintaining patient-physician relationships, there also is a public interest in the right and ability of the VA to be able to enforce its internal policies and procedures. *See, e.g.*, *Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 707 (8th Cir. 2011). The Court finds that the public interest does not weigh clearly in favor of the issuance of an injunction here.

## **CONCLUSION**

Because Dr. O'Grady has not shown that the *Dataphase* factors support issuance of injunctive relief prohibiting the VA from taking action against his employment or requiring the VA to continue paying Dr. O'Grady his current salary, **IT IS HEREBY RECOMMENDED THAT** Plaintiff's Motion for Injunctive Relief [Docket No. 6] be **DENIED.**


Dated:  January 18, 2012                             s/ Arthur J. Boylan
                                                    Chief Magistrate Judge Arthur J. Boylan
                                                    United States District Court


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court on or before  February 1 , 2012.